# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
### SYRACUSE DIVISION

| | |
|---|---|
| **DEBORAH O'BRIEN,**<br>**Individually and on behalf of all others**<br>**similarly situated,** | **Case No.** 1:25-cv-1439 (AMN/DJS) |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| v. | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |
| **ST. PETER'S HEALTH PARTNERS,** | |
| *Defendant.* | **CLASS ACTION PURSUANT TO**<br>**FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Deborah O'Brien—brings this action individually and on behalf of all current and former hourly employees (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—St. Peter's Health Partners ("St. Peter")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the New York Payment of Wages Act, N.Y. LAB. LAW § 190–199 ("NYPWA"); and the New York Minimum Wage Act, N.Y. LAB. LAW § 651–665 ("NYMWA") (the NYPWA and NYMWA are collectively referred to as the "New York Acts").

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of New York under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for St. Peter at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of wages, including overtime, and have not received notices required by law, in violation of state and federal law.

3.      Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5.      During the relevant time period(s), St. Peter knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6.      Specifically, St. Peter' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' wages for a meal break they did not receive.

7.      In addition, St. Peter St. Peter employs an improper and non-neutral time rounding policy that, over time, fails to compensate the Plaintiff and Putative Collective/Class Members for all the time they have actually worked—including overtime hours.

8.      The effect of St. Peter' practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, St.

Peter has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

9.      St. Peter knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime at the proper rate on a routine and regular basis during the relevant time period(s).

10.     Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

11.     Plaintiff and the Putative Class Members did not receive notices at the time of hire as required by law.

12.     Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of New York as a class action pursuant to FED. R. CIV. P. 23.

13.     Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

14.     Plaintiff also prays that the Rule 23 class is certified as defined herein, with the Plaintiff designated herein named as the Class Representative.

## II.
## THE PARTIES

15.     Plaintiff—Deborah O'Brien ("O'Brien")—was employed by St. Peter in New York, during the relevant time period(s). Plaintiff O'Brien did not receive compensation for all hours worked

or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

16.     The FLSA Collective Members are those current and former hourly employees who were employed by St. Peter at any time from October 15, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

17.     The New York Class Members are those current and former current and former hourly employees who were employed by St. Peter in New York at any time from October 15, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff O'Brien worked and was paid.

18.     Defendant St. Peter's Health Partners is a domestic not-for-profit company, that is headquartered in, and licensed to do business in, the State of New York and may be served through its registered agent for service of process: **C T Corporation System, 28 Liberty St., New York, New York 10005.**

### III.
### JURISDICTION & VENUE

19.     This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

20.     This Court has supplemental jurisdiction over Plaintiff's additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

21.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

---

[1] The written consent of Deborah O'Brien is attached hereto as Exhibit "A."

22.     This Court has general personal jurisdiction over St. Peter because New York qualifies as its home state.

23.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of New York because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24.     Additionally, St. Peter' corporate headquarters are in Albany, New York, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

25.     Defendant St. Peter operates numerous hospitals and provides healthcare to patients across New York.[2]

26.     To provide its services, St. Peter employed (and continues to employ) numerous hourly, non-exempt employees—including Plaintiff and the individuals that make up the putative collective and class.

27.     Plaintiff and the Putative Collective/Class Members were employed by St. Peter as hourly, non-exempt employees who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

28.     Plaintiff and the Putative Collective/Class Members' job duties include assisting St. Peter's patients with their healthcare needs.

29.     While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

---

[2] https://www.sphp.com/about-us

30.     Importantly, none of the FLSA exemptions relieving a covered employer (such as St. Peter) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

31.     Plaintiff O'Brien was employed by St. Peter in Troy, New York from December 2003 until June 2025.

32.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of St. Peter resulting in the complained of FLSA and state law violations.

33.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties.

34.     Plaintiff and the Putative Collective/Class Members are non-exempt employees who were (and are) paid by the hour.

35.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of St. Peter resulting in the complained of FLSA and state law violations.

**Unpaid Meal Breaks**

36.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and had a meal break automatically deducted from their daily time.

37.     Plaintiff and the Putative Collective/Class Members were typically scheduled to work five (5) days per week, eight (8) hours per day, which equates to forty (40) hours per week—these are referred to as "on-the-clock" hours.

38.     In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between two-and one-half hours "off-the-clock" per week and have not been compensated for that time.

39.    St. Peter has a policy to automatically deduct one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

40.    Despite St. Peter automatically deducting thirty (30) minutes from Plaintiff and the Putative Collective/Class Members' time each shift, Plaintiff and the Putative Collective/Class Members did not receive or take a thirty (30) minute meal break.

41.    St. Peter was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

42.    St. Peter benefitted from Plaintiff and the Putative Collective/Class Members' free labor because Plaintiff and the Putative Collective/Class Members typically worked throughout their entire shifts without taking a break.

43.    St. Peter knew Plaintiff and the Putative Collective/Class Members did not take breaks because St. Peter's supervisors observed Plaintiff and the Putative Collective/Class Members work throughout their entire shifts without taking a break.

44.    St. Peter also knew Plaintiff and the Putative Collective/Class Members did not take breaks because Plaintiff and the Putative Collective/Class Members complained to St. Peter that they did not take meal breaks and should have been paid for their time.

45.    St. Peter's thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

46.    Specifically, when Plaintiff and the Putative Collective/Class Members worked four (4) or fewer eight-hour shifts in a week and did not receive a meal break during any shift, St. Peter's

meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for two (2) hours of compensable straight time work.

47.    When Plaintiff and the Putative Collective/Class Members worked five (5) or more eight-hour shifts in a week and did not receive a meal break during any shift, St. Peter's meal break policy resulted in Plaintiff and the Putative Collective/Class Members not being paid for two and a half (2.5) hours of compensable overtime work.

48.    As further example, in Plaintiff O'Brien's second to last week of employment, she worked approximately forty (40) on-the-clock hours and worked through her meal break for each of her five shifts that week. As a result of St. Peter's automatic meal break deduction, Plaintiff O'Brien was not paid for two and one-half (2.5) hours of overtime.

49.    As a result of St. Peter's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," such as during their unpaid meal breaks, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

**Improper Non-Neutral Rounding Policy**

50.    St. Peter also employs a policy that rounds Plaintiff and the Putative Collective/Class Members' clock in and clock out times to a fifteen-minute increment that favors St. Peter.

51.    For example, when a Putative Collective/Class Member clocks in at 6:38 a.m., St. Peter rounds their time up to 6:45 a.m., resulting in that Putative Collective/Class Member not being paid for the seven (7) minutes of work performed from 6:38 a.m. to 6:45 a.m.

52.    To be valid, rounding policies must ensure that, over a period of time, an employee is fully compensated "for all the time they have actually worked." 29 C.F.R. 785.48.

53.     St. Peter's rounding policy is not neutral on its face or in its application because Plaintiff and the Putative Collective/Class Members are told to clock in and clock out during times that are rounded off, and they are subject to discipline should they clock in or out during a time that would benefit them.

54.     As a result, Plaintiff and the Putative Collective/Class Members clock in and out during time periods that round against them and benefit St. Peter.

55.     Specifically, St. Peter's policy advises employees to clock in up to seven (7) minutes prior to their shift start time (which rounds against them) but can be subject to discipline should they clock in eight (8) or more minutes early (which would round in their favor).

56.     St. Peter's policy also states that employees are subject to discipline in the form of an occurrence or tardy should they clock in even one (1) minute after their shift starts (which would round in their favor).

57.     Read together, St. Peter's policy contains a facially non-neutral rounding policy. Employees are encouraged to clock in only during times in which their work is rounded against them, thereby benefitting St. Peter. Employees are further discouraged from clocking in during times that rounding would benefit them.

58.     For example, in Plaintiff O'Brien's second to last week of work, she worked approximately forty (40) hours on-the-clock. For each of her five shifts that week she clocked in three (3) to five (5) minutes early—which were rounded off—and clocked out right at her shift end time. Due to St. Peter's improper rounding policy, Plaintiff O'Brien was not paid for approximately twenty (20) minutes of overtime worked.

59.     St. Peter's rounding policy is not neutral on its face or in its application and resulted in the failure to compensate Plaintiff and the Putative Collective/Class Members for all compensable overtime hours.

60.     St. Peter's failure to compensate Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

61.     St. Peter knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA and applicable state law.

62.     St. Peter knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

63.     St. Peter knew or should have known that not compensating Plaintiff and the Putative Collective/Class Members for all overtime hours worked at the correct rate did cause, and continues to cause, financial injury to Plaintiff and the Putative Collective/Class Members.

64.     Because St. Peter did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, St. Peter's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state law.

65.     Because St. Peter did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, St. Peter's pay policies and practices violated (and continue to violate) applicable state law.

66.     Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time, liquidated damages, penalties, and other damages owed pursuant to applicable state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Collective Action Alleging FLSA Violations)**

**A.      FLSA COVERAGE**

67.      The preceding paragraphs are incorporated as though fully set forth herein.

68.      The FLSA Collective is defined as follows:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WERE EMPLOYED BY ST. PETER'S HEALTH PARTNERS, AT ANY TIME FROM OCTOBER 15, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

69.      At all material times, St. Peter has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

70.      At all material times, St. Peter has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

71.      At all material times, St. Peter has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of healthcare and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

72.      Specifically, St. Peter employs numerous employees to provide services in the healthcare industry across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

73.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by St. Peter, these individuals provided services for St. Peter that involved interstate commerce for purposes of the FLSA.

74.     In performing work for St. Peter, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

75.     Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly, non-exempt employees who assisted St. Peter' customers throughout the United States. 29 U.S.C. § 203(j).

76.     At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

77.     The proposed classes of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 68.

78.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of St. Peter.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

79.     St. Peter violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the healthcare industry, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

80.     Moreover, St. Peter knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

81.     St. Peter knew or should have known their pay practices were in violation of the FLSA.

82.     St. Peter is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

83.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted St. Peter to pay them according to the law.

84.     The decision and practice by St. Peter to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

85.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

86.     All previous paragraphs are incorporated as though fully set forth herein.

87.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of St. Peter' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

88.     Other similarly situated employees of St. Peter have been victimized by St. Peter' patterns, practices, and policies, which are in willful violation of the FLSA.

89.     The FLSA Collective is defined in Paragraph 68.

90.     St. Peter' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of St. Peter, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

91.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

92.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

93.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

94.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

95.     Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and St. Peter will retain the proceeds of their violations.

96.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

97.     Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 68.

## SECOND CAUSE OF ACTION
### (Class Action Alleging Violations of the New York Acts)

**A.    NEW YORK ACTS COVERAGE**

98.     All previous paragraphs are incorporated as though fully set forth herein.

99.     The New York Class is defined as:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WERE EMPLOYED BY ST. PETER'S HEALTH PARTNERS, IN NEW YORK, AT ANY TIME FROM OCTOBER 15, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("New York Class Members").**

100.     At all material times, St. Peter has been an "employer" as defined by the New York Acts. *See* NY LAB. LAW §§ 190(3) and 651(6).

101.     At all material times, Plaintiff O'Brien and the New York Class Members were St. Peter' "employees" as defined within the New York Acts. *See* NY LAB. LAW §§ 190(2) and 651(5).

102.     St. Peter—the "employer"—is not exempt from paying wages and overtime benefits under the New York Acts.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NEW YORK ACTS**

103.     All previous paragraphs are incorporated as though fully set forth herein.

104.     During the course of their employment, St. Peter agreed to pay Plaintiff O'Brien and each New York Class Member an hourly rate of pay.

105.     Plaintiff O'Brien and each New York Class Member accepted St. Peter' offer to pay them an hourly rate.

106.     Plaintiff O'Brien and the New York Class Members' agreed-upon hourly pay rates are therefore "wages" within the meaning of the New York Acts. *See* NY LAB. LAW § 191(1)(d).

107.     The New York Acts also require employers, like St. Peter, to pay employees, including Plaintiff O'Brien and the New York Class Members, overtime wages at a rate not less than 1.5 times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. *See* NY LAB. LAW § 191(1)(d).

108.     St. Peter violated, and continues to violate, the New York Acts by failing to pay Plaintiff O'Brien and the New York Class Members for all straight time hours worked at the agreed hourly rate(s) and all overtime wages at rates not less than 1.5 times their regular rates for all hours worked after forty (40) in a workweek, including all off-the-clock hours worked by Plaintiff O'Brien and the New Yok Class Members during their unpaid meal breaks. *See* N.Y. COMP. CODES R. & REGS. TIT. 12, § 142-2.2

109.    In violating the New York Acts, St. Peter acted willfully, without a good faith basis, and with reckless disregard of clearly applicable New York law.

110.    As a direct and proximate result of St. Peter' willful conduct, Plaintiff O'Brien and the New York Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including double damages for unpaid overtime, treble damages for unpaid straight time, and reasonable attorneys' fees pursuant to the New York Acts. *See* NY LAB. LAW § 198; 663(1).

111.    St. Peter is in possession and control of necessary documents and information from which Plaintiff O'Brien would be able to precisely calculate damages.

112.    The proposed class of New York Class Members sought to be certified pursuant to the New York Acts is defined in Paragraph 99.

113.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of St. Peter.

## C.    FAILURE TO PROVIDE NOTICES REQUIRED BY NY. LAB. LAW § 195.

114.    Section 195 of the New York Labor Law requires that employees be given a statement, at the time of hiring, containing certain information, including:  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other.

115.    Section 198 of the New York Labor Law provides that any employee not receiving the statement required by Section 195, within ten days of hiring, may recover $50.00 for each workday the violations occurred, with a maximum of $5,000.00, plus costs and reasonable attorney's fees.

116.    St. Peter failed to supply Plaintiff O'Brien and the New York Class Members with the statement required by Section 195 of the New York Labor Law.

**D.      NEW YORK CLASS ACTION ALLEGATIONS**

117.    Plaintiff O'Brien and the New York Class Members bring their New York Acts claims as a class action pursuant to FED. R. CIV. P. 23 on behalf of all similarly situated individuals employed by St. Peter to work in New York since October 15, 2019.

118.    Class action treatment of Plaintiff O'Brien and the New York Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

119.    The number of New York Class Members is so numerous that joinder of all class members is impracticable.

120.    On information and belief, St. Peter employed hundreds (and potentially thousands) of hourly, non-exempt employees—New York Class Members—in New York since October 15, 2019.

121.    Plaintiff O'Brien's New York state-law claims share common questions of law and fact with the claims of the New York Class Members.

122.    Specifically, the common questions of law and fact are that St. Peter violated the New York Acts by failing to pay the New York Class Members for time spent working through their meal breaks and for rounded time, and whether St. Peter failed to provide statements required by Section 195 of the New York Labor Law.

123.    Plaintiff O'Brien is a member of the New York Class, her claims are typical of the claims of other New York Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other New York Class Members.

124.    Plaintiff O'Brien and her counsel will fairly and adequately represent the New York Class Members and their interests.

125.    Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class

action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the New York Class should be certified as defined in Paragraph 99.

126.    Specifically, Plaintiff O'Brien and the New York Class Members all performed similar work, were not paid when they worked through their meal breaks and had their work hours impermissibly rounded.

## VI.
## RELIEF SOUGHT

127.    Plaintiff O'Brien respectfully prays for judgment against St. Peter as follows:

a.    For an Order certifying the FLSA Collective as defined in ¶ 68;

b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to § 16(b) of the FLSA finding St. Peter liable for unpaid wages, including unpaid overtime wages, due to Plaintiff O'Brien (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff O'Brien (and those FLSA Collective Members who have joined in the suit);

d.    For an Order certifying the New York Class as defined in ¶ 99, and designating Plaintiff O'Brien as Representative of the New York Class;

e.    For an Order pursuant to the New York state law awarding Plaintiff O'Brien and the New York Class Members damages for unpaid wages and all other damages allowed by law;

f.    For an Order awarding the costs of this action;

g.    For an Order awarding attorneys' fees;

h.    For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

i.      For an Order awarding Plaintiff O'Brien a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of St. Peter, at St. Peter' expense (should discovery prove inadequate); and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   October 15, 2025                    Respectfully submitted,

                                            **ANDERSON ALEXANDER, PLLC**

                           By:     /s/ Clif Alexander
                                   **Clif Alexander** *(Pro Hac Vice Anticipated)*
                                   Texas Bar No. 24064805
                                   clif@a2xlaw.com
                                   **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
                                   Texas Bar No. 24045189
                                   austin@a2xlaw.com
                                   **Lauren E. Braddy** *(Pro Hac Vice Anticipated)*
                                   Texas Bar No. 24071993
                                   lauren@a2xlaw.com
                                   **Carter T. Hastings** *(Pro Hac Vice Anticipated)*
                                   Texas Bar No. 24101879
                                   carter@a2xlaw.com
                                   101 N. Shoreline Blvd, Suite 610
                                   Corpus Christi, Texas 78401
                                   Telephone: (361) 452-1279
                                   Facsimile: (361) 452-1284

                                            **CONWAY, DONOVAN & MANLEY, PLLC**

                           By:     /s/ Ryan T. Donovan
                                   **Ryan T. Donovaon**
                                   NDNY Bar No.:  105803
                                   RDonovan@lawcdm.com
                                   **Michael C. Conway**
                                   NDNY Bar No. 302055
                                   MConway@lawcdm.com
                                   50 State Street, 2nd Floor
                                   Albany, NY
                                   Telephone: 518-436-1661
                                   Facsimile: 518-432-1996

                                   *Counsel for Representative Plaintiff and Putative*
                                   *Collective/Class Members*

---

Original Collective/Class Action Complaint                                      Page 20 of 20

# Exhibit A

## CONFIDENTIAL FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT

Print Name: Deborah OBRIEN

1. I hereby consent to make a claim against **ST. PETERS HOSPITAL** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC, JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC, JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against **ST. PETERS HOSPITAL**.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature:_____          Date Signed: 9/2/25 16:49 CDT